UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BLADE J. REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-725-JD-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Blade J. Reed, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (CIC 16-10-298) where a Disciplinary Hearing Officer (DHO) found him guilty of aiding and abetting in the use of a cell phone in violation of Indiana Department of Correction (IDOC) policies A-111/121 on November 18, 2016. ECF 1 at 1, ECF 4-7 at 1. As a result, he lost 60 days earned credit time. ECF 1 at 1. The Warden has filed the administrative record and Reed filed a traverse. The Warden has also filed a surreply and Reed filed a response to the Warden's surreply. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Reed argues there are three grounds which entitle him to habeas corpus relief. Because Reed is entitled to habeas corpus relief on the first ground he raises in his petition, it is unnecessary for the court to consider the other grounds he presents in his petition.

In his first ground, Reed argues the DHO did not have sufficient evidence to find him guilty of aiding and abetting in the use of a cell phone. ECF 1 at 2. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

2

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Reed was initially charged with and found guilty of use or possession of a cell phone in violation of IDOC offense A-121. ECF 4-1 at 1, ECF 4-4 at 1. However, on November 30, 2017, the IDOC's Final Reviewing Authority reconsidered Reed's appeal and modified the charge from use or possession of a cell phone (offense A-121) to aiding and abetting in the use or possession of a cell phone (offenses A-111/121). ECF 4-7 at 1. IDOC offense A-111 prohibits inmates from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC offense A-121 prohibits inmates from the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." *Id*. Furthermore, the IDOC defines "aiding and abetting" as including one of the following acts: "[t]elling, hiring, commanding, inducing, counseling another person to commit a violation; [a]ssisting another person in planning or preparing for a violation; [a]ssisting another during the commission of an offense, whether or not the assistance was planned in advance; or, [a]ssisting another to prevent the discovery of a violation or the identity of the person who committed the violation." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf.

The Conduct Report charged Reed as follows:

> I, Inv. J. Poer, was conducting an investigation into trafficking Suboxone strips into the facility. During the investigation [sic] conducted a search of suspect Sherrie Ausherman's cell phone. Sherrie Ausherman is the mother of Jacob Ausherman 178429. Offender Ausherman is a confirmed member of the STG Imperial Gangsters. During a review of the information obtained from Sherrie Ausherman's cell phone, I located a photograph of multiple offenders inside of a cell here at CIF. The photograph could only have been taken by a contraband cell phone inside the facility. I can clearly identify offender Reed, Blade 196682 15B-2B as the lower middle offender in the group photo. Offender Reed is in clear violation of A121 Use of a Cellular Telephone.

ECF 4-1 at 1.

In this case, the DHO found there was sufficient evidence to find Reed guilty of aiding or abetting in the use of a cell phone. ECF 4-4 at 1, ECF 6 at 1. Here, the DHO considered the conduct report in which Investigator Poer detailed his first-hand knowledge of discovering a photo of multiple offenders on the cell phone of Sherrie Ausherman, the mother of offender Jacob Ausherman. *Id*. Investigator Poer noted that the photo showed multiple offenders inside a cell at the Correctional Industrial Facility and Reed was one of the offenders in the photo. *Id*. The offenders in the photo were posing and making hand signals indicative of gang signs. ECF 6 at 1. Investigator Poer noted that, because the photo was found on someone who is outside of the prison, "it could only have been taken by a contraband cell phone inside the facility." ECF 4-4 at 1. Therefore, the DHO concluded Reed was guilty of aiding and abetting in the use of a cell phone because the conduct report and photo furnished "some evidence" that by posing for the photo Reed assisted another in using a contraband cell phone.

4

In his various filings with the court, Reed argues there was insufficient to find him guilty of aiding or abetting in the use of a cell phone. ECF 1, ECF 10, ECF 12. In this regard, he first explains that the only cell phone found in this case was found outside of the prison facility and he did not have access to it. ECF 12 at 2. He next states that the fact he posed for a photo does not establish he aided and abetted in the use of the cell phone. *Id*. Furthermore, he asserts that there is no evidence that the photo was taken on a cell phone and not a camera. ECF 12 at 2-3. Thus, according to Reed, the DHO's finding of guilt is based on nothing more than pure speculation. *Id*.

The court agrees with Reed and finds that the conduct report and photo are insufficient in establishing that Reed aided and abetted in the use of a cell phone. A conduct report alone can be sufficient to support a finding of guilt, however, "the report [must have] describe[d] the alleged infraction in sufficient detail [and leave] no question that the conduct described would violate the prison rule." *McPherson*, 188 F.3d at 786. But here that is not the case. The conduct report contains insufficient evidence that Reed engaged in the charged offense because there are no facts to show that Reed aided or abetted others in the use of a cell phone. The mere fact that Reed posed for the photo along with other offenders does not establish that he assisted the person who actually took the photo in using that contraband cell phone to take the group photo. In essence, the only evidence that Reed aided or abetted in the use of a cell phone is the photo of him in it. In other words, it was unreasonable and arbitrary for the DHO to find Reed guilty on the basis that he merely participated in a group photo that was later found on

the cell phone of the mother of another offender. Therefore, there is no evidence to support the finding that Reed assisted another person in violating offenses A-111/113.

In light of the fact there was insufficient evidence to sustain the offense charged in the conduct report, the DHO did not have enough evidence to find Reed guilty. The court will overturn the hearing officer's decision only it "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Therefore, Reed is entitled to habeas corpus relief.

For these reasons, the habeas corpus petition is GRANTED. The Warden is ORDERED to file documentation by **December 21, 2018**, showing that the guilty finding in CIC 16-10-298 has been vacated and that any earned credit time Reed lost as a result of this guilty finding is restored.

SO ORDERED on December 3, 2018

                                              /s/ JON E. DEGUILIO
                                              JUDGE
                                              UNITED STATES DISTRICT COURT